IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| MICHAEL A. KOHN, ) | Civil Action No. 3:10-784-JFA-JRM |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| ) | |
| CAPTAIN KEVIN COLEMAN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff filed this action on March 30, 2010.[1] At the time of the alleged incidents, he was an inmate at the Turbeville Correctional Institution ("TCI") of the South Carolina Department of Corrections ("SCDC"). He is currently a detainee at the Aiken County Detention Center. Defendant, Captain Kevin Coleman, is a correctional officer at TCI. On February 15, 2011, Defendant filed a motion for summary judgment. Plaintiff, because he is proceeding pro se, was advised on February 16, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendant's motion for summary judgment with additional evidence or counter-affidavits could result in the dismissal of his complaint. Plaintiff failed to respond to the Roseboro order and the undersigned, on March 30, 2011, issued an order allowing Plaintiff an additional fifteen days in which to advise the Court whether he wished to continue to prosecute this action. Plaintiff filed a response on April 11, 2011.

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02 (B)(2)(e) DSC. Because this a dispositive motion, this Report and Recommendation is entered for review by the court.

## **STANDARD FOR SUMMARY JUDGMENT**

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972) and Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). The moving party "bears the initial burden of pointing to the absence of a genuine issue of material fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). If the moving party carries this burden, "the burden then shifts to the non-moving party to come forward with facts sufficient to create a triable issue of fact." Id. at 718-19 (citing Anderson, 477 U.S. at 247-48).

## **DISCUSSION**

Plaintiff claims that on February 6 and 7, 2010, his dorm at TCI was on cell restriction and he was not allowed to attend religious services. He appears to have brought this action, in which he

claims that his Fourteenth Amendment rights were violated, under 42 U.S.C. § 1983 ("1983").[2] Plaintiff alleges he suffered emotional and mental distress as a result of Defendant's actions and requests $30,000 in damages. Complaint at 2-5. Defendant contends that his motion for summary judgment should be granted because: (1) Plaintiff failed to exhaust his available administrative remedies; (2) the actions or inactions alleged to have been taken by Defendant do not rise to the level of constitutional or statutory violations; and (3) Plaintiff fails to state any claim upon which relief can be granted under the facts of this case.

1.    Administrative Remedies

Defendant contends that Plaintiff failed to exhaust his available administrative remedies as to the alleged incident. James Simmons, III, an inmate grievance administrator for SCDC, states that he has reviewed Plaintiff's relevant grievance file materials. He states that Plaintiff's records fail to reflect that a proper prisoner grievance was completed in accordance with SCDC Policies and Procedures prior to Plaintiff's filing this lawsuit. Specifically, Simmons states that Plaintiff did not file a proper Step I Grievance because Plaintiff failed to file the grievance within the proper time period and it was returned unprocessed for that reason. He further states that no other grievances or appeals related to this action were filed by Plaintiff. All inmate grievances must be filed within fifteen days of the alleged incident and the grievant may appeal the Warden's decision with respect to the grievance by filing a Step II appeal with the Division Director of Operations in accordance with SCDC Policy #GA-01.12, Section 13.4. See Simmons Aff. and attachment

---

[2]In order to prevail on a § 1983 cause of action, a plaintiff must establish: (1) that he was deprived of a federal statutory or constitutional right; and (2) that the deprivation was committed under color of state law. Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003) (citing American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999)).

(Plaintiff's Grievance No. TCI-0225-10). In his complaint, Plaintiff wrote that he had filed a grievance, but had not received a final agency/departmental/institutional answer or determination regarding the matter. See Complaint at 2.

Plaintiff failed to exhaust his available administrative remedies prior to filing this action. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. The Fourth Circuit, in Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674 (4th Cir. 2005), held that an inmate's failure to allege exhaustion does not constitute failure to state a claim and the failure to exhaust is an affirmative defense that should be pleaded or otherwise properly raised by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies." Id. at 683.

    2.    RLUIPA

Defendant argues that Plaintiff fails to show that his rights under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc et seq., were violated because he has not shown that being prevented from attending church services on one Sunday morning placed a substantial burden on him. He further contends that, even if Plaintiff could

4

show that Defendant's action constituted a substantial burden, any restriction on his ability to worship was done in the least restrictive means and in the interest of maintaining security.

The RLUIPA prohibits state programs that receive federal funding from imposing a substantial burden on the religious exercise of an inmate unless the burden is in furtherance of a compelling government interest and is the least restrictive means of furthering that interest. 42 U.S.C. § 2000cc-1. A substantial burden on religious exercise occurs when a government, through act or omission, "put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs." Lovelace v. Lee, 472 F.3d 174, 187 (4th Cir. 2006)(quoting Thomas v. Review Bd. of Ind. Emp't Sec. Div., 450 U.S. 707, 718 (1981)). Once a plaintiff produces prima facie evidence to support the claim that the challenged practice or law substantially burdens the plaintiff's exercise of religion, the government bears the burden of persuasion on whether the practice or law is the least restrictive means of furthering a compelling governmental interest. 42 U.S.C. § 2000cc-2(b).

Defendant states that during the weekend in question he ordered that the B-wing be placed on "cell restriction." While on cell restriction, inmates are not allowed to roam in the common areas of the dormitory and are generally restricted from leaving their cells altogether, for purposes of attending religious services or other activities that may compromise institutional security. Defendant states that he was not informed or made aware of any request by Plaintiff to attend religious services on the February 7, 2010. Coleman Aff., Paras. 6-7.

It is unclear from the complaint that Plaintiff is even alleging a claim under RLUIPA. To the extent that he has done so, Plaintiff fails to show that his rights under RLUIPA were violated. First, he did not allege in his complaint that he made any request to Defendant or that Defendant was aware of any request by Plaintiff to attend services. In his complaint, Plaintiff states that he was told by

Officer Major and Sergeant Mack (who are not parties to this action) that his dormitory was on deadlock and he could not attend religious services. Complaint at 3. Further, Plaintiff has not shown that Defendant's alleged actions placed a substantial burden on his ability to exercise his religion freely. Although Plaintiff was not able to attend congregational services on February 7, 2010, he could have prayed, read the Bible, or conducted other religious activities within his cell. He has not shown that he was required to modify his behavior or alter his beliefs.[3]

3.     First Amendment

To the extent that Plaintiff is attempting to assert a First Amendment claim, it also fails. Defendant argues that Plaintiff fails to show a violation of § 1983.

The rights and protections of the Constitution do not end when a citizen is sentenced to prison. Turner v. Safley, 482 U.S. 78, 84 (1987). Imprisonment may limit, but not completely abrogate, a prisoner's right to the free exercise of his religion. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348-49 (1987). However, "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by considerations underlying our penal system." Price v. Johnson, 334 U.S. 266, 285 (1948). For that reason, "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. at 89. Where prison officials

---

[3] Plaintiff has only requested monetary damages. The Fourth Circuit has held that RLUIPA does not authorize an award of damages against state officials sued in their individual capacities, Rendelman v. Rouse, 569 F.3d 182, 189 (4th Cir. 2009), and the Eleventh Amendment bars a recovery of damages under RLUIPA against state officials sued in their official capacities, Madison v. Virginia, 474 F.3d 118, 133 (4th Cir. 2006). Recently, the Supreme Court of the United States held that states, by accepting federal funds, do not consent to waive their sovereign immunity to suits for monetary damages under RLUIPA. Sossamon v. Texas, __U.S. __, 131 S.Ct. 1651, 2011 WL 1485252 (2011).

demonstrate that they are pursuing a legitimate governmental objective, and show a "minimally rational relationship between that objective and the means chosen to achieve that objective," the means must be upheld. Hines v. South Carolina Dep't Corrs., 148 F.3d 353, 358 (4th Cir. 1998).

Under Turner, courts must consider:

> 1) whether there is a "'valid, rational connection' between the prison regulation and the legitimate governmental interest put forward to justify it,"
>
> 2) "whether there are alternative means of exercising the right that remain open to prison inmates,"
>
> 3) the "impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally," and
>
> 4) the "absence of ready alternatives."

Turner, 482 U.S. at 89-90. "Implicit in the Turner approach is the principle that the four-factor analysis applies only after it is determined that the policy impinges on a first amendment right." Ali v. Dixon, 912 F.2d 86, 89 (4th Cir.1990).

As discussed above, Defendant states that Plaintiff's dormitory was on cell restriction on the day in question because of security concerns. Defendant states that inmates at TCI are routinely permitted to attend religious services offered there, which include Christian church services on Sundays and Muslim services on weekdays. He provides that during times of cell restriction, inmates are free to engage in religious activities within their cells or attend subsequent religious services including receiving counseling from religious volunteers who visit the institutions on weekdays. Coleman Aff., Paras. 5 and 10.

Here, there is no indication that Plaintiff was unable to exercise his religion in his own cell on the day that he was allegedly denied the opportunity to attend worship services. There is no

indication that he is unable to exercise his religion in his own cell. Also, Plaintiff has not disputed Defendant's legitimate penological reasons (security) for his actions on the day in question. See, e.g., Sweet v. South Carolina Dep't of Corrs., 529 F.2d 854 (4th Cir. 1975)(inmates in protective custody need not be permitted to attend group religious services).

4.     Equal Protection

Plaintiff appears to allege that Defendant violated his Fourteenth Amendment rights. See Complaint at 4. He may be attempting to assert an equal protection claim. As noted above, Defendant argues that Plaintiff fails to show that he violated § 1983.

The Equal Protection Clause of the Fourteenth Amendment protects against arbitrary classifications by state actors. See U.S. Const. amend. XIV, § 1. To bring an equal protection claim, a plaintiff must plead sufficient facts to make a threshold showing "that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Veney v. Wyche, 293 F.3d 726, 730-31 (4th Cir. 2002) (quoting Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001)). Only after satisfying the threshold requirement will the Court determine whether the disparate treatment at issue was justified. Id. at 731. "Once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." Morrison v. Garraghty, 239 F.3d at 654.

Plaintiff has not made the threshold showing that he was treated differently from those with whom he was similarly situated. He also has not shown that any unequal treatment was the result of intentional or purposeful discrimination.

8

5.      Emotional and Mental Suffering

Plaintiff alleges that the denial of attending religious services caused him emotional and mental suffering. Complaint at 2. There is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under § 1983 regarding such claims. See Grandstaff v. City of Borger, 767 F.2d 161 (5th Cir. 1985), cert. denied, 480 U.S. 916 (1987); and Rodriguez v. Comas, 888 F.2d 899, 903 (1st Cir. 1989). The PLRA provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury.[4]

42 U.S.C. § 1997e(e).

## CONCLUSION

Based on review of the record, it is recommended that Defendant's motion for summary judgment (Doc. 24) be **granted**.

Joseph R. McCrorey
United States Magistrate Judge

May 4, 2011
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

---

[4] The PLRA does not define "physical injury" and the Fourth Circuit has not ruled on the issue, but the Fifth Circuit held that "physical injury" must be more than de minimis, but need not be significant. Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997)(concluding that a sore, bruised ear lasting for three days was de minimis and failed to meet the requisite physical injury to support a claim of emotional or mental suffering); see also Zehner v. Trigg, 952 F. Supp. 1318 (S.D. Ind. 1997)(exposure to asbestos not physical injury necessary to support claim for mental or emotional injury under the PLRA), aff'd, 133 F.3d 459 (7th Cir. 1997).

9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).